UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-00200-TBR

JOHN BOGLE                                                                                          Plaintiff

v.

LUVATA FRANKLIN, INC.                                                                   Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Luvata Franklin, Inc.'s Motion for Partial Dismissal or Partial Judgment on the Pleadings. (Docket No. 10.) Plaintiff John Bogle has responded, (Docket No. 11), and Defendant has replied, (Docket No. 15). This matter is now ripe for adjudication. For the reasons that follow, the Court will GRANT Defendant's motion for partial judgment on the pleadings.

BACKGROUND

Bogle has been employed by Defendant for some forty years. In early 2012, he applied and interviewed for a position but was not selected, and the job was given to another of Defendant's employees. Bogle filed this discrimination action on November 28, 2012, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12201 *et seq.*, the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*. (Docket No. 1, at 1-4.) Bogle also stated a cause of action for intentional infliction of emotional distress (IIED) under Kentucky law. (Docket No. 1, at 5.)

## STANDARD

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and motions for judgment on the pleadings under Rule 12(c) are adjudicated using the same standard. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577 (6th Cir. 2007); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007). When considering either a Rule 12(b)(6) or 12(c) motion, the Court will presume that all the well-pleaded material allegations of the pleadings are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *JPMorgan*, 510 F.3d at 581. However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Total Benefits*, 552 F.3d at 434; *JPMorgan*, 510 F.3d at 581-82.

Under Rule 12(b)(6) motion to dismiss, a complaint may be attacked for failure "to state a claim upon which relief can be granted." "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A Rule 12(c) motion for judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment," *JPMorgan*, 510 F.3d at 581 (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)), and "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law," *id.* at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

DISCUSSION

Defendant seeks dismissal of Bogle's IIED claim under Rules 12(b)(6) and 12(c), on the basis that Bogle's IIED claim is subsumed by his claim under the Kentucky Civil Rights Act. (Docket No. 10.) Rule 12 provides that a motion asserting the defense of failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Still, Rule 12(h)(2) provides that such a defense can be raised after an answer has been filed by a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). Thus, because Defendant filed the instant Motion after filing its Answer, the Court will treat it as a Rule 12(c) motion for judgment on the pleadings.

The tort of IIED, formerly "outrage," was recognized by the Kentucky Supreme Court in *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984). Under Kentucky law, IIED serves as a "gap filler" to provide a remedy when other means of redress are unavailable. *Brewer v. Hillard*, 15 S.W.3d 1, 8 (Ky. Ct. App. 1999); *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. Ct. App. 1993). Defendant argues that because recovery for Bogle's alleged emotional distress is available under the Kentucky Civil Rights Act, he cannot maintain his IIED claim. The Court agrees.

Kentucky courts have consistently held that where a plaintiff pursues relief under the Kentucky Civil Rights Act, a claim of IIED based on the same employer conduct is barred. *See, e.g.*, *Kroger Co. v. Buckley*, 113 S.W.3d 644, 646 (Ky. Ct. App. 2003) ("[W]hen a plaintiff prosecutes a KRS Chapter 344 claim and an outrageous conduct claim concurrently, the former preempts the latter. . . . [A] KRS Chapter 344

claim preempts a common law IIED/outrageous conduct claim."); *Wilson v. Lowe's Home Ctr.*, 75 S.W.3d 229, 239 (Ky. Ct. App. 2001) (holding that a plaintiff's "IIED claim against [his employer] was subsumed by his KRS Chapter 344 claims"); *accord Messick v. Toyota Motor Mfg., Ky., Inc.*, 45 F. Supp. 2d 578, 582 (E.D. Ky. 1999). Both this Court and in the Eastern District of Kentucky have applied this Kentucky case law in the context of motions under Rules 12(b)(6) and 12(c), and have held that an IIED claim fails and must be dismissed where a plaintiff also pursues relief under the Kentucky Civil Rights Act. *See, e.g.*, *LaPorte v. B.L. Barbert Int'l*, No. 5:09-CV-219-TBR, 2010 WL 1542500, at *4 (W.D. Ky. April 16, 2010) (granting a Rule 12(b)(6) motion to dismiss a plaintiff's IIED claim as preempted by his claims under the Kentucky Civil Rights Act); *Thompson v. Next-Tek Finishing, LLC*, No. 3:09-CV-940-S, 2010 WL 1744621, at *2 (W.D. Ky. Apr. 28, 2010) (granting a Rule 12(c) motion for judgment on the pleadings on a plaintiff's IIED claim as preempted under the Kentucky Civil Rights Act); *Price v. TJX Cos., Inc.*, No. 5:11-CV-319-JMH, 2012 WL 1565235, at *3 (E.D. Ky. May 2, 2012) (granting a Rule 12(c) motion and dismissing an IIED claim as barred by the plaintiff's claims under the Kentucky Civil Rights Act). Therefore, because Bogle pursues claims under the Kentucky Civil Rights Act, his IIED claim arising out of the same events fails and must be dismissed.

CONCLUSION

For these reasons, the Court concludes that no genuine issue of material fact exists and that Defendant is entitled to judgment as a matter of law on Bogle's claim for intentional infliction of emotional distress. Accordingly;

IT IS HEREBY ORDERED that Defendant's motion for partial judgment on the pleadings, (Docket No. 10), is GRANTED, and Bogle's claim for intentional infliction of emotional distress is DISMISSED.

IT IS SO ORDERED.

Date:

cc: Counsel