# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:12-CV-00200-TBR

JOHN BOGLE                                                                                                Plaintiff

v.

LUVATA FRANKLIN, INC.                                                     Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion for Leave to File a Third Party Complaint. (DN 25.) Plaintiff has responded in opposition, (DN 26), and Defendant has replied, (DN 27). This matter is now ripe for adjudication. Defendant's Motion for Leave to File a Third Party Complaint, (DN 25) is GRANTED.

## I.

Bogle has been employed by Defendant for some forty years. In early 2012, he applied and interviewed for a position but was not selected, and the job was given to another of Defendant's employees. Bogle filed this discrimination action on November 28, 2012, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12201 *et seq.*, the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*. (DN 1.) Bogle also stated a cause of action for intentional infliction of emotional distress (IIED) under Kentucky law, (*Id.*), which the Court dismissed in March 28, 2013, Memorandum Opinion and Order. (DN 17.)

Thereafter, Bogle amended his complaint to allege claims arising from two related incidents in early March 2013 in which Defendant allegedly gave Bogle's wife, Debbie Ann

Bogle ("Mrs. Bogle"), access to his work locker to obtain his prescription medications. (DN 23.) After she obtained the prescription medications, Bogle alleges that Mrs. Bogle became intoxicated and filed a false domestic violence petition against him, resulting in Bogle's one-night incarceration in the Simpson County Jail. (DN 23.) Bogle alleges that while incarcerated, he missed work, and was thereafter disciplined by Defendant. (DN 23.) Based on these alleged facts, Bogle's First Amended Complaint alleges invasion of privacy and a violation of Ky. Rev. Stat. § 344.280.

## II.

Currently before the Court is Defendant's motion, pursuant to Fed. R. Civ. P. 14, requesting leave to file a third party complaint against Mrs. Bogle seeking contribution and/or indemnity for any judgment entered or awarded in favor of Bogle for Defendant's alleged invasion of privacy. Bogle opposes the motion, arguing it will confuse the issues for the trier of fact and unduly prejudice him.

Federal Rule of Civil Procedure 14 states "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The Sixth Circuit explained,

> Rule 14 does not require that a third party defendant be liable to the original plaintiff, in order for the original defendant to proceed with his claim against a third party defendant and recover judgment thereon. On the contrary, it provides that the original defendant may proceed against a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

*Huggins v. Graves,* 337 F.2d 486, 489 (6th Cir.1964); *see also Pusey v. United Parcel Service Co.,* No. 3:06CV–429–S, * 1, 2007 WL 1551020 (W.D. Ky. May 24, 2007). Thus, Wright and Miller state, "[t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to

transfer to the third party defendant the liability asserted against him by the original plaintiff." Alan Wright & Arthur Miller, 6 Fed. Prac. & Proc. Civ. § 1446 (2d ed.).

In its third-party complaint, Defendant alleges that Mrs. Bogle fraudulently represented to management that she had her husband's permission to access his locker and retrieve the medication. As a result, Defendant alleges that it is entitled to apportionment and/or indemnification from Mrs. Bogle. It appears that Defendants have arguably stated a claim for relief that passes the minimal pleading requirements. *Cf. Hilsmeier v. Chapman*, 192 S.W.3d 340, 344 (Ky. 2006) (holding that comparative fault principles, including availability of apportionment of fault, applies in "all tort actions", including intentional torts). In the interest of caution, the Court will grant Defendant's motion.

### III.

For the foregoing reasons, Defendant's Motion for Leave to File a Third Party Complaint, (DN 25), is **GRANTED**. The third-party complaint against Debbie Ann Bogle tendered by Defendant Luvata Franklin, Inc. is **ORDERED FILED.**

Date:

CC: Counsel